## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **GARLAND SLADE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 5:22-00510** |
| **v.** | ) | |
| | ) | |
| **KATINA HECKARD,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss Petition," filed on July 27, 2023. (Document No. 13.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the record and considered the applicable law, the undersigned has concluded that the Respondent's "Motion to Dismiss Petition" (Document No. 13) should be granted.

### PROCEDURAL HISTORY

On November 8, 2022, Petitioner, acting *pro se*,[1] filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 arguing that he is entitled to time credit pursuant to the First Step Act of 2018 ("FSA"). (Document No. 1.) Specifically, Petitioner states he is entitled to 540 days of accumulated time credits. (Id.) As relief, Petitioner requests that the Court direct the BOP to award him his 540 days of FSA credit. (Id.) Petitioner paid the $5.00 filing fee on November 16,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2022. (Document No. 4.)

By Order entered on November 27, 2022, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On January 3, 2023, following the granting of an extension of time, Respondent filed a Response. (Document No. 10.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to exhaust his administrative remedies (Id., pp. 11 – 13.); (2) Petitioner's claims are not ripe (Id., pp. 13 - 14); (3) Section 3625 prohibits judicial review of release eligibility determinations under the FSA (Id., pp. 14 - 20); (4) Even if not barred under Section 3625, the BOP's implementation of regulations is entitled to great deference (Id., pp. 20 - 22); (5) Petitioner does not have a liberty interest in early release under the FSA (Id., pp. 22 - 23); (6) Ordering the expungement of low level incident reports, the change of custody classification records, and the change of educational records would not necessarily affect Petitioner's duration of confinement so as to be actionable under Section 2241 (Id., pp. 23 - 25); and (7) Petitioner's request to correct BOP records is properly brought in a Privacy Act action (Id., pp. 25 - 26.).

As Exhibits, Respondent attaches the following: (1) The Declaration of Misty Shaw (Document No. 10-1, pp. 2 - 5.); (2) A copy of "Program Statement 5410.10, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)" (Id., pp. 6 – 24.); (3) A copy of the "Violent Offense Codes for PATTERN Risk Assessment" (Id., p. 26.); (4) A copy of Petitioner's "Sentence Monitoring Computation Data As Of 11-22-2022" (Id., pp. 28 - 34.); (5) A copy of Petitioner's "Inmate History – First Step" (Id., pp. 36 – 38.); (6) A copy of "FSA Time Credit Assessment" (Id., p. 40.); (7) A copy of Petitioner's "Inmate Education Data

Transcript" (Id., pp. 42 - 43.); (8) A copy of Petitioner's "Inmate Discipline Data Chronological Disciplinary Record" (Id., pp. 45 - 46.); and (9) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., pp. 48 – 50).

By Order and Notice entered on January 4, 2023, the undersigned notified Petitioner of his right to file a Reply to Respondent's Response. (Document No. 11.) On February 3, 2023, Petitioner filed his Reply. (Document No. 12.)

On July 27, 2023, Respondent filed a "Motion to Dismiss Petition." (Document No. 13.) Specifically, Respondent argues that Petitioner's Petition should be dismissed as moot based upon Petitioner's release from custody. (Id.) By Order and Notice entered on July 28, 2023, the undersigned notified Petitioner of his right to file a Response. (Document No. 14.) Petitioner, however, failed to file a Response.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by

virtue of Petitioner's release from custody, the Respondent can no longer provide the requested

relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly,

Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of

collateral consequences, and therefore, his Section 2241 Petition must be dismissed. See e.g.,

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145

Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942

(N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

that the District Court **GRANT** Respondent's "Motion to Dismiss Petition" (Document No. 13),

and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank

W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on May 2, 2023.

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: August 17, 2023.



Omar J. Aboulhosn
United States Magistrate Judge